UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

vs.                                                                                    DECISION AND ORDER
                                                                                           08-CR-6210
FELIX VASQUEZ, SR.,

        Defendant.

_____

**INTRODUCTION**

This matter is before the Court on Defendant's application to unseal the February 24, 2009 *in camera* examination of a confidential informant upon which the Government relied in support of its motion to revoke Defendant's pre-trial release, as well as for a protective order relating to the transcript. For the reasons stated below, the application is denied.

**DISCUSSION**

In addition to being charged in the subject indictment, Defendant also stands accused, along with four other individuals, in indictment # 10-CR-0233-WMS HKS, *United States v. Jose Martinez, et. al.,* filed in U.S. District Court in Buffalo. This indictment contains "special findings," making it a death penalty case as to all defendants. Defendant essentially maintains that, since the confidential informant provided information concerning the homicide referenced in the Buffalo case, the transcript at issue is relevant to his mitigation investigation and then presentation of his argument to the Attorney General should not pursue the death penalty as to him. . In his memorandum of law submitted in support of Defendant's motion to

unseal and for a protective order, defense counsel, concedes that while, there is law, "relating to the expanded rights in capital cases-especially as it relates to mitigation," he has "spent several hours conducting legal research in an attempt to find law relating specifically to the Court's authority to unseal the transcript of the testimony of the confidential informant," but that he was unable to find any on this point. Memorandum (Docket #683), March 18, 2011, ¶ 1,2.

The Government opposes Defendant's application, and points out that, to the extent Defendant's application is viewed as a type of Brady request, district courts in this circuit and others have denied requests for early disclosure of *Brady* material in death penalty cases. *United States v. Williams*, 181 F.Supp.2d 267, 298 (S.D.N.Y. 2001); *United States v. Pray__,_F.Supp 2d__*, 2011 WL 547711 (D.D.C. 2011). The Government analogizes Defendant's applications as one for Jenks material, and, in that regard, contends that the Court should look to the time frame set forth in the *Jenks* Act for the disclosure of witness statements, since the Government maintains that disclosure of the transcript at this time might well jeopardize the safety of the confidential informant.

After due consideration, the Court is persuaded by the Government's argument, and Defendant's application is denied.

## CONCLUSION

Accordingly, Defendant's application (Docket # 658) to unseal the *in camera* transcript of the examination of the confidential informant and for a protective order is denied.

IT IS SO ORDERED

DATED:    May 4, 2011
         Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge